UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLUOR ENTERPRISES, INC.,

    Plaintiff,

v.                                                                      CASE NO. 8:19-cv-224-T-02AAS

DUKE ENERGY FLORIDA, LLC f/k/a
Duke Energy Florida, Inc.

    Defendant.
_____/

# **O R D E R**

This matter came before the Court for a hearing on April 11, 2019 on the Defendant's motion to dismiss (Dkt. 17) the amended complaint (Dkt. 12). The amended complaint is dismissed without prejudice. The Court expressed the view that whatever the parties' duties and alleged violations are here, the duties or defalcations are creatures of a written, detailed contractual set of obligations that were engaged in and agreed to a high level. This case seems likely to turn on what those contractual obligations are.

The Plaintiff may refile a second amended complaint. In doing so, the following matters must be considered:

i. The complaint must be pled in compliance with the Eleventh Circuit's teaching, such as in *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1322-23 and footnotes 10, 11 (11th Cir. 2015), as discussed at the hearing.

ii.  The Plaintiff should attach as exhibits to the second amended complaint all contract, letter of credit, or change order documents which Plaintiff cites or relies upon for any cause of action.

iii.  The Court deems the dispute resolution provision of the Agreement (§ 25.1) as a condition precedent to this suit.  Dkt. 17-2 at 111.  Accordingly, the second amended complaint should state that the parties are in compliance with the provision.  The parties are hereby ordered to complete that § 25.1 exercise with respect to any disputes subject to this litigation fully and in good faith no later than July 31, 2019.  The Court will consider appointing a special master to lead this effort should it be appropriate.  A "true up" or accounting of this large, almost-completed contract is inevitable, and this may serve as a starting point.

iv.  Count III, conversion, is dismissed.  Any repleading of this count should address a harm or loss separate from, and caused independently of, breach of contract.

v.  The civil theft count (Count IV) must be repled to establish, factually, criminal felonious intent.  An aggressive, intentional breach of contract is not sufficient.   If Plaintiff seeks to establish fraud or fraudulent acts, Fed. R. Civ. P. 9(b) applies.

vi.  A suit upon invoices (Count V) requires the unpaid invoices to be set forth in an exhibit to the operative complaint.

vi. A stand-alone or independent claim for breach of the implied covenant of good faith and fair dealing (present Count VI) is disfavored in the case law. Any attempt to replead one should consult closely cases like *Burger King Corp. v. C.R. Weaver,* 169 F.3d 1310, 1317-18 (11th Cir. 1999), and *Viridis Corp. v. TCA Global Credit Master Fund LP,* 721 F. App'x 865, 878 (11th Cir. 2018). This type of claim cannot be used to substitute for an express term/breach of contract.

vii. As to Count VII and its prayer for relief, the proper statute must be cited. Plaintiff must address why this ostensible consumer statute is applicable to the transaction here (where Plaintiff was neither a purchaser of anything nor a consumer).

Accordingly, Defendant's Motion to Dismiss (Dkt. 17) is granted. Plaintiff may file a second amended complaint consistent with this Order within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on April 16, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record